Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual; <br><br> Plaintiff, <br><br> v. <br><br> SKYNAV, LLC, a California limited liability company; and DOES 1-10, <br><br> Defendants. | Case No. <br><br> PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> Jury Trial Demanded |

Plaintiff Brandon Vogts hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Brandon Vogts is a professional photographer based in Los Angeles, CA.

5. Upon information and belief, Defendant SkyNav, LLC is a California limited liability company with principal places of business located at 4500 Park Granada Suite 202, Calabasas, CA 91302; and 2443 Fillmore Street #380-7373, San Francisco, CA 94115. SKYNAV owns, operates, and/or controls the commercial website skynav.co and its related/affiliated subdomains, mobile websites, social media pages, and applications (altogether, "Defendants' Website").

6. Upon information and belief, Defendants Does 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANT'S UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH

8. Vogts owns an original photograph registered with the U.S. Copyright Office titled "20180406_Magic_Castle_008" (the "Subject Photograph").

9. Following the publication and display of the Subject Photograph, Defendants, and each of them, used the Subject Photograph for commercial purposes on Defendants' Website without Vogts' authorization.



| Subject Photograph | Unauthorized Copy |
|---|---|
| 20180406_Magic_Castle_008 | |

**FIRST CLAIM FOR RELIEF**

10. Plaintiff incorporates by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

11. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's website, social media accounts, profiles, and/or authorized licensees; third-party websites or Internet search

engines; and/or because the copies displayed on Defendants' Website are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

12. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

13. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

14. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights in the Subject Photograph, such that said acts of copyright infringement were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants or their respective agents, be enjoined from further exploiting the Subject Photograph for commercial purposes in any manner without Plaintiff's authorization absent some independent legal right;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded his fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the

Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 6, 2025                 DONIGER/BURROUGHS

By:   /s/ *Stephen M. Doniger*
      Stephen M. Doniger, Esq.
      Benjamin F. Tookey, Esq.
      *Attorneys for Plaintiff*